UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CINDY GONZALEZ, an individual,

    Plaintiff,

vs.

                            COMPLAINT

SOUTH COOLING LLC, a Florida limited liability
company, and GUSTAVO DIAZ, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff CINDY GONZALEZ ("Plaintiff"), by and through undersigned counsel, and files her Complaint against Defendants SOUTH COOLING LLC, a Florida limited liability company, and GUSTAVO DIAZ, an individual (together, "Defendants") for unpaid minimum wage compensation and unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and for a declaration of rights.

                I.      **NATURE OF THE CASE**

This lawsuit concerns wages owed under the FLSA. Plaintiff was employed at with Defendants from June, 2017, approximately, to June 11, 2019. She worked as an office assistant at Defendants' company called South Cooling, which provides installation and service of heating and cooling systems in the South Florida area. Plaintiff regularly worked overtime hours but was not paid at the full overtime wage rate. She was not paid for an entire weeks' work, also, and

1

before retaining a lawyer she tried to settle these issues without litigation, but never received a response.

## II. JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant Villagio is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

## III. PARTIES

3. Plaintiff CINDY GONZALEZ ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant SOUTH COOLING LLC  ("South Cooling") is a Florida limited liability company that operates the South Cooling company, where Plaintiff has worked, located in Hialeah, Florida.

5. Defendant GUSTAVO DIAZ ("Diaz"), an individual and *sui juris*, was the owner and manager of SOUTH COOLING LLC, where Plaintiff was employed as an office assistant. Diaz acted directly and indirectly in the interest of South Cooling. Diaz managed South Cooling and had the power to direct employees' actions.  Diaz had management responsibilities, degree of control over South Cooling's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at South Cooling in

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

accordance with the FLSA, making Defendant Gustavo Diaz an employer pursuant to 29 USC § 203(d).

## IV.  COVERAGE

6. During all material times, Defendant SOUTH COOLING LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as air conditioning equipment, that have been moved in or produced for commerce by any person.

7. During all material times, Plaintiff was an individual engaged in commerce under the FLSA, because in the performance of her job she regularly used the internet, email, and phone to contact out-of-state homeowners and vendors.

8. During all material times, Defendant South Cooling was an employer as defined by 29 U.S.C. § 203(d).

9. During all material times, Defendant Diaz was an employer as defined by 29 U.S.C. § 203(d).

10. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

11. During all material times, the enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. During all material times, the enterprise employed two or more people.

## V. FACTUAL ALLEGATIONS

13. During the relevant time period for this claim, Defendants have operated South Cooling, a company which provides installation and service of heating and cooling systems, at which Plaintiff was employed.

14. Plaintiff worked as an office assistant for Defendants at South Cooling, located at 2274 W. 80th Street, Hialeah, Florida, from June, 2017, approximately, to June 11, 2019. As the maximum statutory time limit under the FLSA is three years, the FLSA Relevant Time Period will cover the entire period of Plaintiff's employment.

15. The applicable Florida minimum wage was $8.10 per hour in 2017, $8.25 per hour in 2018, and $8.46 per hour in 2019.

16. During the FLSA Relevant Time Period, the applicable overtime wage was one-and-one-half times Plaintiff's regular rate of pay.

17. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

18. For one or more weeks, Plaintiff was paid at a rate less than one-and-a-half times her regular rate of pay as required by law for overtime hours worked.

19. For one or more weeks, Defendants suffered or permitted Plaintiff to work unpaid hours.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

20. Defendants knew or showed reckless disregard as to whether their policies concerning minimum and overtime wages were legal under the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage.

21. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

22. As a result of suffering or permitting Plaintiff to work without paying her either the Florida minimum wage or her due overtime wages, Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 2l5(a)(2) during the Relevant Time Periods and must therefore pay Plaintiff the full minimum and overtime wage for each unpaid hour worked.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Defendants employed Plaintiff during the statutory time period.

26. Defendants willfully and intentionally suffered or permitted Plaintiff to work hours below the Florida minimum wage.

27. By suffering or permitting Plaintiff to work hours without paying her the Florida minimum wage, Defendants owe Plaintiff the full minimum wage for each unpaid hour worked up to forty hours in a week.

28. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff CINDY GONZALEZ demands judgment in her favor and against Defendants SOUTH COOLING LLC and GUSTAVO DIAZ, jointly and severally, as follows:

a) Award to Plaintiff for payment of all unpaid hours worked up to forty hours per week at the full minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

29. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

30. Defendants employed Plaintiff during the statutory time period.

31. Defendants willfully and intentionally suffered or permitted Plaintiff to work unpaid hours in excess of forty per workweek while paying her below the statutory overtime wage rate.

32. By suffering or permitting Plaintiff to work overtime hours without paying her the statutory overtime wages due, Defendants owe Plaintiff one-and-one-half time her regular rate of pay for all hours worked in excess of forty per workweek.

33. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

WHEREFORE, Plaintiff CINDY GONZALEZ demands judgment in her favor and against Defendants SOUTH COOLING LLC and GUSTAVO DIAZ, jointly and severally, as follows:

a) Award to Plaintiff for payment of all unpaid hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times her regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all unpaid hours worked in excess of forty hours per week at the rate of one-and-a-half times her regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

34. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein, and further alleges as follows:

35. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

36. Defendants did not rely on a good faith defense under the FLSA in suffering or permitting Plaintiff to work unpaid hours.

37. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

7

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

38. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff CINDY GONZALEZ demands judgment in her favor and against Defendants SOUTH COOLING LLC and GUSTAVO DIAZ, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on July 25, 2019.

By:    **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808